| | | |
|---|---|---|
| NELCOME JOSEPH COURVILLE, JR. | * | NO. 2020-CA-0073 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| LAMORAK INSURANCE COMPANY (AS SUCCESSOR IN INTEREST TO THE LIABILITY FOR POLICIES OF INSURANCE ISSUED BY COMMERCIAL UNION INSURANCE COMPANY, EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY, AND AMERICAN EMPLOYERS INSURANCE COMPANY), ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-01117, DIVISION "B-1"
Honorable Rachael Johnson,
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Tiffany G. Chase)

Gerolyn P. Roussel
Perry J. Roussel, Jr.
Jonathan B. Clement
Lauren R. Clement
Benjamin P. Dinehart
ROUSSEL & CLEMENT

1550 West Causeway Approach
Mandeville, LA 70068

COUNSEL FOR PLAINTIFFS/APPELLANTS

Charles M. Pisano
Skye S. Fantaci
Bradley C. Guin
ROEDEL PARSONS KOCH BLACHE BALHOFF & MCCOLLISTER
1515 Poydras St., Suite 2300
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/APPELLEE EMPLOYERS MUTUAL
FIRE INSURANCE COMPANY

H. Minor Pipes, III
Stephen Miles
PIPES MILES BECKHAM, LLC
1100 Poydras St., Suite 1800
New Orleans, LA 70163
-AND-
Robert A. Kole
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA 02110

COUNSEL FOR APPELLEE LIBERTY MUTUAL INSURANCE
COMPANY

Glen E. Mercer
Kourtney Twenhafel
James Albertine
SALLEY HITE MERCER & RESOR, LLC
365 Canal St., Suite 1710
New Orleans, LA 70130

COUNSEL FORAPPELLEE ZURICH AMERICAN INSURANCE
COMPANY

**REVERSED IN PART; AFFIRMED IN PART**

**MAY 27, 2020**

EAL
DLD
TGC

This appeal is from three summary judgments rendered in favor of three defendants, Liberty Mutual Insurance Company ("Liberty Mutual"), Employer's Mutual Fire Insurance Company ("Wausau"), and Zurich American Insurance Company ("Zurich"). After *de novo* review of the record in light of the applicable law and arguments of the parties, we reverse the district court judgments granting summary judgment to Liberty Mutual and Wausau but affirm the district court judgment granting summary judgment to Zurich.

***Relevant Facts and Procedural History***

The plaintiff, Nelson Joseph Courville, Jr., filed this asbestos case against his former employers on February 3, 2017, shortly before his death from mesothelioma. On July 17, 2020, his wife and children substituted themselves as plaintiffs, asserting any and all survival and wrongful death claims. Pursuant to La. Rev. Stat. 22:1269, the three defendant insurance companies at issue in this appeal were made direct defendants. Liberty Mutual, Wausau, and Zurich filed motions for summary judgment which were heard and ruled upon on October 4, 2019. In each case, the district court granted summary judgment to the insurance company. The plaintiffs appeal these decisions.

1

### Standard of Review

Summary judgment is reviewed *de novo,* using the same criteria as the district court. *Maddox v. Howard Hughes Corp.,,* 2019-0135, p. 4 (La. App. 4 Cir. 4/17/19) 268 So.3d 333, 337.

### Liberty Mutual

In its motion for summary judgment, Liberty Mutual asserts that to the extent that any obligation to defend or indemnify Mr. Courville's asbestos claim against Reilly-Benton existed on the part of Liberty Mutual, the obligation was exhausted and extinguished no later than 2013. Specifically, Liberty Mutual argues that a 2013 Settlement Agreement between Liberty Mutual and Reilly-Benton resolving alleged coverage disputes bars the plaintiffs from recovering damages from Liberty Mutual. The district court agreed, granted summary judgment in favor of Liberty Mutual, and dismissed the plaintiffs' claims with prejudice. Thus, the issue before the court is whether the 2013 Settlement Agreement between Liberty Mutual and Reilly-Benton precludes Liberty Mutual's liability to Mr. Courville for asbestos exposure that occurred in the 1960s and 1970s.

In *Long v. Eagle, Inc.,* 2014-0889 (La. App. 4 Cir. 2/25/15), 158 So.3d 968, an asbestos exposure lawsuit where the defendant employer, Eagle Asbestos & Packing Company, Inc. ("Eagle") and One Beacon, its commercial general liability (CGL) insurer named as a defendant by the plaintiff, brought a third-party claim against another CGL insurer, United States Fidelity and Guaranty Company ("USF&G") seeking a declaration that USF&G was obligated to pay its share of defense costs and for reimbursement of expenses expended on its behalf. The asbestos exposure alleged in *Long* (from 1958 until 1979) covered a time frame where each of the insurers (One Beacon and USF&G) had multiple years where

2

they issued the primary CGL policy to Eagle. *Long,* 2014-0889, p. 1, 158 So.3d at 969. Because the two insurers had entered into a settlement agreement in 2003, resolving coverage disputes including coverage for USF&G's pro-rata share of defense costs, USF&G argued that the settlement agreement was a defense to One Beacon's claim against them. *Long,* 2014-0889, p. 2, 158 So.3d at 969-70. On motion for summary judgment, One Beacon claimed that the settlement agreement was void under La. Rev. Stat. 22:1262. The district court granted summary judgment but this court reversed on appeal, finding that the public policy protections discussed in *Washington v. Savoie,* 634 So.2d 1176 (La. 1994) and the mandates of La. Rev. Stat. 22:1262 were not intended to protect other insurers. *Long,* 2014-0889, p.4-6, 158 So.3d at 971-972. However, this court explicitly stated that if the party seeking to challenge the settlement agreement was an injured plaintiff, the court's analysis would be different. *Long, supra.*

Similarly, in this case a settlement agreement between two insurers is being challenged but with a distinct difference: it is the plaintiffs (the tort victims), not an insurance company and party to the settlement agreement, who are challenging the applicability of the settlement agreement. Thus, we must determine the applicability of *Washington* and La. Rev. Stat. 22:1262 to the specific circumstances of this case.

In examining the law and public policy relating to the reformation of insurance policies, specifically when reformation adversely affects a tort victim, the Louisiana Supreme Court found that, although reformation of an insurance contract is to correct a mistake within a policy is not prohibited, when reformation would prejudice an injured third party. Louisiana's public policy precludes post-injury contract reformation of any kind. *Washington,* 634 So.2d at 1180. Thus, in

3

accordance with the Louisiana Supreme Court decision in *Washington,* a CGL insurer that provided unlimited coverage under a policy of insurance is barred from any post-injury settlement limiting that liability.

Moreover, La. Rev. Stat. 22:1262 provides:

> No insurance contract insuring against loss or damage through legal liability for the bodily injury or death by accident of any individual, or for damage to the property of any person, shall be retroactively annulled by any agreement between the insurer and insured after the occurrence of any such injury, death, or damage for which the insured may be liable, and any such annulment attempted shall be null and void.

The plain language of La. Rev. Stat. 22:1262 is clear: insurers and insured cannot retroactively rescind or annul policy contracts by agreement post-occurrence. Nonetheless, the 2013 settlement agreement at issue in this case essentially rescinded or annulled policy contracts for injuries sustained years ago. Accordingly, under Louisiana public policy, the settlement agreement is not enforceable against the third-party tort victim in this case, *i.e.,* the plaintiff. Therefore, Liberty Mutual is not entitled to summary judgment.

*Wausau*

In its motion for summary judgment, Wausau asserts that (1) the plaintiffs fail to provide any evidence that Mr. Courville was exposed to asbestos-containing materials by Wausau's insured, Reilly-Benton, at any time during Wausau's coverage period of July 1, 1969 to July 1, 1972; and (2) the plaintiffs cannot prove that Reilly-Benton products or work performed by Reilly-Benton was a substantial contributing factor to the injuries sustained by Mr. Courville. In response, the

4

plaintiffs submitted Mr. Courville's deposition wherein he testified that he remembered Reilly-Benton's presence on job sites where he worked as a steamfitter in the late 1960s and early 1970s, *i.e.,* during the Wausau coverage period.

Wausau asserts that Mr. Courville's deposition lacks the necessary specificity as to dates and jobsites where exposure occurred and, therefore, fails to establish a genuine issue of material fact as to Mr. Courville's exposure to Reilly-Benton asbestos-related material or work during the Wausau coverage period. We disagree. Latent disease cases present the extraordinary challenge of recreating workplace history dating back 40-50 years, generally (as in this case) by an aged and seriously ill plaintiff. For purposes of summary judgment, we find Mr. Courville's deposition testimony regarding Reilly-Benton's presence at jobsites he worked during Wausau's coverage period is sufficient to create the requisite genuine issue of material fact. Whether that deposition testimony together with other evidence is enough to establish liability on the part of Wausau is a question for the finder of fact. Accordingly, Wausau is not entitled to summary judgment.

***Zurich***

By amended petition, the plaintiffs alleged that Zurich provided Employer's Liability coverage to Houston Contracting Company (HCC) during the relevant years of Mr. Courville's employment. On motion for summary judgment, Zurich points out that the plaintiffs submit no specific evidence of Zurich coverage. In response to Zurich's motion, the plaintiffs conceded that no specific policy has

5

been located but submit pleadings and answers from prior suits on non-related cases admitting that Zurich provided coverage to HCC during the relevant time periods.

The issue on summary judgment, however, is not whether Zurich provided general liability coverage to HCC but whether, for purposes of summary judgment, there is sufficient evidence of coverage by Zurich for the alleged injuries suffered by the plaintiff in this case.

It is undisputed that HCC employed Mr. Courville in 1962, 1965 through 1968, and 1970 through 1973. But, as pointed out by the deposition testimony of Zurich's corporate representative, even assuming that Zurich issued General Liability coverage to HCC, an examination of policies issued by Zurich in other cases reveal that, by specific provision, coverage does not apply to bodily injury by disease unless a suit or written claim was made within thirty-six months after the end of the policy period. It is undisputed that no suit or claim was made by Mr. Courville within the pertinent time-frame. Moreover, the Louisiana Supreme Court has found that a similar coverage exclusion is a permissible limitation on an insurer's liability as to third parties and does not violate the Direct Action Statute. *See Gorman v. City of Opelousas,* 2013-1734, pp. 12-14 (La. 7/1/14), 148 So. 3d 888, 896-97 (insurance policies are executed for the benefits of all persons but such protection is limited by the terms and limits of the policy) (citations and quotation marks omitted).

6

Thus, because any policy issued to HCC by Zurich included a provision barring coverage for work-related claims by HCC employees, including Mr. Courville, unless the claim was raised within thirty-six months of the termination of the policy, Zurich cannot be liable for any of Mr. Courville's work-related claims in this lawsuit. Therefore, after *de novo* review, we find that Zurich is entitled to summary judgment as a matter of law and affirm the district court ruling granting summary judgment in favor of Zurich.

*.Conclusion*

For the foregoing reasons, we find that Zurich is entitled to summary judgment as a matter of law but that genuine issues of material fact exist, precluding summary judgment for Liberty Mutual and Wausau.

**REVERSED IN PART; AFFIRMED IN PART**